IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ERICK MARQUEZ and IRAIDA GARRIGA formerly known as IRAIDA ORTIZ, on behalf of plaintiffs and a class, | ) ) ) ) |
| Plaintiffs, | ) ) ) |
| vs. | ) ) |
| WEINSTEIN, PINSON & RILEY, P.S.; EVAN L. MOSCOV, and NCO FINANCIAL SYSTEMS, INC., | ) ) ) ) |
| Defendants. | ) ) |

### COMPLAINT – CLASS ACTION

### INTRODUCTION

1. Plaintiffs Erick Marquez and Iraida Garriga bring this action to secure redress from unlawful credit and collection practices engaged in by defendants Weinstein, Pinson & Riley, P.S. ("WPR"), Evan L. Moscov ("Moscov"), and NCO Financial Systems, Inc. ("NCO"). Plaintiffs allege violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

### VENUE AND JURISDICTION

2. This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue and personal jurisdiction in this District are proper because:

   a. Defendants' collection communications and conduct impacted plaintiffs within this District;

   b. Defendants do or transact business within this District.

   c. Defendant Moscov is located within this District.

   d. Defendant NCO has a registered agent and office within this District.

**PARTIES**

4. Plaintiffs Erick Marquez and (Ms.) Iraida Garriga are individuals who reside in the Northern District of Illinois. They are son and mother.

5. Defendant WPR is a law firm organized as a Washington (state) professional corporation, with principal offices at 2001 Western Ave., Ste. 400, Seattle, WA 98121-3132.

6. WPR is engaged in the business of using the mails and telephone to collect consumer debts originally owed to others.

7. WPR is a debt collector as defined in the FDCPA.

8. Defendant Moscov is an Illinois attorney who may be found at 469 W. Huron Street, Suite 1701, Chicago, IL 60654.

9. Moscov is engaged in the business of using the mails and telephone to collect consumer debts originally owed to others.

10. Moscov is held out as "Managing Director" at WPR.

11. Moscov is a debt collector as defined in the FDCPA.

12. Defendant NCO is a Pennsylvania corporation with principal offices in Horsham, Pennsylvania. It does business in Illinois. Its registered agent and office is CT Corporation System, 208 S. LaSalle St., Suite 814, Chicago, IL 60604.

13. NCO is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

14. NCO holds a collection agency license from the state of Illinois.

15. NCO represents on its web site that it has an "Attorney Network" for filing suits on debts (http://www.ncogroup.com/Services/Agency_Attorney_Network.html): "We manage a nationwide network through leading-edge technology and the expertise needed to achieve results." The debts handled through the network include "student loans".

16. NCO is a debt collector as defined in the FDCPA.

**FACTS**

17.     Defendants have been attempting to collect from plaintiffs several alleged student loan debts.

18.     The alleged debts were forwarded to WPR by NCO. On information and belief, WPR is part of NCO's "Attorney Network," and the alleged debts of plaintiffs were handled through the "Attorney Network."

19.     On information and belief, all acts complained of herein were taken by WPR or Moscov on behalf of NCO, as its authorized agents.

20.     On or about November 14, 2013, WPR and Moscov filed three lawsuits in the Circuit Court of Cook County against plaintiffs. Copies of the complaints, summonses and exhibits are attached as follows:

        a.      <u>Appendix A</u>    13 M1 162601

        b.      <u>Appendix B</u>    13 M1 162599

        c.      <u>Appendix C</u>    13 L 012950

21.     Each complaint was signed by Moscov.

22.     One of the attachments to each complaint was an affidavit executed by an alleged employee of NCO. The affidavit bears the indicia of a "robosigned" affidavit, in that the name of the affiant is rubber-stamped in a blank.

23.     The complaints and attachments were form documents, regularly used by WPR and Moscov.

24.     Paragraph 12 of each complaint states: "Pursuant to 11 U.S.C. §1692g(a) [sic – 15 U.S.C.?], Defendants are informed that the undersigned law firm is acting on behalf of Plaintiff to collect the debt and that the debt referenced in this suit will be assumed to be valid and correct if not disputed in whole or in part within thirty (30) days from the date hereof."

25.     This statement is routinely included in complaints by defendants.

26.     No provision of law requires or authorizes the inclusion of the quoted statement

in a complaint.

27. Each complaint is stamped with a filing date.

28. The statement in paragraph 12 is false and misleading, in that it contradicts the instructions on the summons, which either (a) requires filing of an appearance approximately 30 days after issuance and allows an additional 10 days to file a motion or responsive pleading (M1 cases) or (b) requires filing of an appearance 30 days after service and allows an additional 10 days to file a motion or responsive pleading (Law Division).

29. The statement indicates that the only option open to the consumer is to dispute the debt, instead of challenging the sufficiency of the pleading, the right of the collection plaintiff to enforce any claimed debt, and similar matters.

30. In this regard, there are serious issues regarding the right of the collection plaintiff to sue. The language of defendants' paragraph 12 indicates that such matters cannot be raised.

31. "Disputed" suggests some action other than filing an appearance and answer or motion, in accordance with the summons.

32. In most or all cases, WPR will have sent to the consumer an initial demand letter indicating that "disputed" means an oral or written communication to WPR.

33. Unless the consumer understands that "disputed" now means something completely different, a default judgment will result.

34. In addition, if the complaint seeks $10,000 or less, the allegations are deemed denied under Illinois court rules, and only an appearance is required.

## **COUNT I – FDCPA**

35. Plaintiff incorporates paragraphs 1-34.

36. Defendants violated 15 U.S.C. §1692e by including paragraph 12 in their form complaints.

37. Section 1692e provides:

**§ 1692e.    False or misleading representations [Section 807 of P.L.]**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.  Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**

**(2)    The false representation of--**

**(A)    the character, amount, or legal status of any debt; . . .**

**(10)    The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . .**

## CLASS ALLEGATIONS

38.    Plaintiffs bring this claim on behalf of a class, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

39.    The class consists of (a) all individuals in Illinois, (b) against whom WPR filed a complaint, (c) containing the language in paragraph 12 of <u>Appendices A-C</u>, (d) which complaint was filed on or after a date 1 year prior to the filing of this action, and prior to a date 20 days after this action.

40.    The class is so numerous that joinder of all members is not practicable. Based on an electronic search of court files, there are over 100 class members.

41.    There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members.  The predominant common question is whether the language complained of violates the FDCPA.

42.    Plaintiff's claim is typical of the claims of the class members.  All are based on the same factual and legal theories.

43.    Plaintiff will fairly and adequately represent the class members.  Plaintiff has retained counsel experienced in class actions and FDCPA litigation.

44.    A class action is superior for the fair and efficient adjudication of this matter, in that:

   a.    Individual actions are not economically feasible.

      b.      Members of the class are likely to be unaware of their rights;

      c.      Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

WHEREFORE, the Court should enter judgment in favor of plaintiffs and the class and against defendants for:

(1) Statutory damages ($1,000 per plaintiff per alleged debt and the lesser of $500,000 or 1% of defendants' net worth for the class);

(2) Attorney's fees, litigation expenses and costs of suit;

(3) Such other and further relief as the Court deems proper.

          s/Daniel A. Edelman
          Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Tiffany N. Hardy
EDELMAN, COMBS, LATTURNER
     & GOODWIN, L.L.C.
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

T:\29308\Pleading\Complaint Revised_Pleading.wpd

**NOTICE OF LIEN AND ASSIGNMENT**

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

s/Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
    & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)