**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

ERICK MARQUEZ, IRAIDA GARRIGA )
formerly known as IRAIDA ORTIZ, and )
DORIS RUSSELL, )
on behalf of plaintiffs and a class, )
          ) 14-cv-739
           Plaintiffs, )
          ) Judge Tharp
         vs. ) Magistrate Judge Mason
          )
WEINSTEIN, PINSON & RILEY, P.S.; )
EVAN L. MOSCOV, and )
NCO FINANCIAL SYSTEMS, INC., )
          )
          Defendants. )

**PLAINTIFFS' RESPONSE TO MOTION TO DISMISS**
**SECOND AMENDED COMPLAINT**

## I.    INTRODUCTION

Defendants are an organization with a long history of abusive and deceptive behavior

toward consumers ("NCO") and collection lawyers hired by NCO (Weinstein, Pinson & Riley,

P.S. and Moscov) to collect private student loan debts. The action concerns four standard form

state court collection complaints filed against plaintiffs. Paragraph 12 of each state court

complaint states (2AC, ¶36): "Pursuant to 11 U.S.C. §1692g(a) [sic – 15 U.S.C.?], Defendants

are informed that the undersigned law firm is acting on behalf of Plaintiff to collect the debt and

that the debt referenced in this suit will be assumed to be valid and correct if not disputed in

whole or in part within thirty (30) days from the date hereof." The plaintiff in each collection

case is a "National Collegiate" trust.

## II.    COURTS HAVE HELD THAT THE SAME OR SIMILAR STATEMENTS ARE MISLEADING

More than 15 federal judges have found identical or similar statements in or

accompanying collection complaints to be misleading, for multiple reasons:

First, the statement in ¶12, by not limiting the assumption of validity to the debt collector,

1

indicates that if the consumer does not dispute the debt as stated therein, he or she will forfeit the right to dispute the debt. *Hart v. FCI Lender Services*, No. 14-191-CV, 2015 WL 4745349, *7 (2d Cir., Aug. 12, 2015)(Carney, C.J., with Winter and Raggi, C.JJ., concurring) ("Indeed, defective § 1692g notices pose particular dangers to consumers. Here for instance, because the Letter states that the debt will, after thirty days, be 'assumed to be valid,' a consumer who fails timely to act upon the Letter might believe that she has forfeited her right to challenge the accuracy of FCI's debt assessment. But under §1692g(a)—which FCI paraphrased incompletely in the Letter—such an unchallenged debt may be assumed to be valid only by the debt collector, leaving the consumer free to contest the debt with the lender either directly or in the courts. . . . By misleading the consumer into believing she had forfeited her right to dispute the validity of her putative debt with the lender, FCI would have frustrated a major objective of the FDCPA.").

Second, the statement provides instructions for response that are not consistent with the instructions and mode of response in the summons. *Thomas v. Simpson & Cybak,* 392 F.3d 914, 919-20 (7th Cir. 2004) (6-4 en banc decision) ("Sending the notice along with the pleadings, or shortly thereafter, might also confuse the debtor. A debtor must comply with deadlines imposed by court rules and judges, even if that debtor has requested verification of the debt"); *Goldman v. Cohen*, 445 F.3d 152, 156-157 (2nd Cir. 2006) (Cabranes, C.J., with Sack, C.J. and Amon, D.J., concurring) (citing *Thomas v. Simpson & Cybak*: "In cases where debt collectors send debtors a validation notice either along with a summons and complaint or shortly thereafter, we recognize the risk that some debtors will become confused. To avoid such confusion, it is imperative that a debt collector (1) 'make clear that the advice contained in the § 1692g validation notice in no way alters the debtor's rights or obligations with respect to the lawsuit' and (2) 'emphasiz[e] that courts set different deadlines for filings.'"); *Ellis v. Solomon and Solomon, P.C.*, 591 F.3d 130, 135-137 (2nd Cir. 2010) (Crotty, D.J., with Cabranes and Sack, C.JJ. concurring) (citing *Thomas v. Simpson & Cybak*); *Hart v. FCI Lender Services*, No. 14-191-CV, 2015 WL 4745349, *7 (2d Cir., Aug. 12, 2015); *Carbonell v. Weinstein Pinson & Riley, P.S.*, No. 14cv20273–WPD,

2014 WL 2581043, *4 (S.D.Fla., May 30, 2014) (Dimitrouleas, J.); *McWilliams v. Advanced Recovery Systems, Inc.,* 3:15cv70-CWR-LRA, 2015 WL 3554595 (S.D.Miss., June 5, 2015) (Reeves, J.); *Walker v. Greenspoon Marder, P.A.*, 13-CV-14487, 2014 WL 7174220 (S.D.Fla., Dec. 17, 2014) (Marra, J.); *Lewis v. Marinosci Law Group, P.C.*, No. 13-61676, 2013 WL 5789183, *3 (S.D.Fla. Oct. 29, 2013) (Dimitrouleas, J.); *Battle v. Gladstone Law Group, P.A.*, 951 F.Supp.2d 1310 (S.D.Fla. 2013) (Martinez, J.); *Freire v. Aldridge Connors, LLC*, 994 F.Supp.2d 1284 (S.D.Fla. 2014) (Hurley, J.); *Desir v. Greenspoon Marder, P.A.*, No. 14-CV-61102, 2014 WL 2767230 (S.D.Fla., June 18, 2014) (Dimitrouleas, J.).

The *Carbonell* case involved the same form Weinstein, Riley complaints as this case.

The facts in the present case illustrate the problem. The complaints and summonses in 13 M1 162601 and 13 M1 162599 were each dated November 14, 2013. The return date on each was December 13, 2013. The instructions in the summons – which are not easily understood by a layperson, in part because there is a reference on the front to "paragraph 3" that apparently should be to "paragraph 2b" – state that each defendant had until the return date to file an appearance and until ten days thereafter, or December 23, 2013, to file an answer. Paragraph 12 stated that the defendant had 30 days from the date of the complaint – until December 14, 2013 – to "dispute" the debt.

The complaint in 2013 L 12950 was dated November 14, 2013. One defendant was served on November 27, 2013. The other defendant was not served but elected to appear. Paragraph 12 stated that both defendants had 30 days from the date of the complaint – until December 14, 2013 – to "dispute" the debt. The defendant who was served had "30 days after service of this Summons, not counting the day of service", to respond to the complaint, which would be December 27, 2013.

The complaint against Ms. Russell in 2013 M1 171685 was dated December 27, 2013. It has a return date of February 5, 2014. Since it sought less than $10,000, the only response required was an appearance, to be filed by February 5, 2014. Under Illinois Supreme

3

Court Rule 286(a), all allegations were deemed to be denied:

> If the defendant appears, he need not file an answer unless ordered to do so by the court; and when no answer is ordered the allegations of the complaint will be considered denied and any defense may be proved as if it were specifically pleaded.

Paragraph 12 stated that Ms. Russell had 30 days from the date of the complaint – until January 26, 2014 – to "dispute" the debt.

Thus, ¶12 of each complaint thus required action within a different time frame than the summons and court rules. It also required a different mode of response than the summons and court rules. Adding to the problem, ¶12 is easier to read than the instructions in the summons.

In addition, the statement in ¶12 indicates that the only option open to the consumer is to dispute the debt, instead of challenging the sufficiency of the pleading, the right of the collection plaintiff to enforce any claimed debt, the sufficiency of service, and similar matters. *Lewis v. Marinosci Law Group, P.C.*, *supra*, No. 13-61676, 2013 WL 5789183, *4 (S.D.Fla. Oct. 29, 2013).

There are actually serious issues in this regard. An Ohio appellate court recently held that the type of documents which are attached to complaints by National Collegiate Trust are not sufficient to show that the plaintiff has any right to enforce any alleged loan. *National Collegiate Student Loan Trust 2003-1 v. Beverly*, Nos. H-13-010 and 011, 2014 WL 4824355 (Ohio App., 6th Dist., Sept. 30, 2014).

Cases filed in Illinois have the same deficient documentation. For example, another National Collegiate case filed in Cook County Circuit Court, 2014 M1 150416, was recently nonsuited after the borrower, Brandon Taylor, answered and alleged that he had been previously sued on the same loan by The Education Resources Institute, Inc. ("TERI"), in case 2008 M1 174082, that a judgment was entered, that he paid the judgment through wage deductions, and that the last dollars collected were returned as an overpayment. The 2008 case file contained an assignment of the loan to TERI. The 2014 case against Mr. Taylor was supported by an

"affidavit" similar to that attached to the complaints involved n this case, alleging in conclusory terms that a National Collegiate trust had the right to sue, without mention of the assignment to TERI.

The language of defendants' ¶12 indicates that such matters as the standing of the collection plaintiff, and the sufficiency of the allegations of standing and documentation of the purported transfer of the loans, cannot be raised.

The Seventh Circuit has cautioned that a collection communication "may confuse even though it is not internally contradictory. Unsophisticated readers may require more explanation than do federal judges; what seems pellucid to a judge, a legally sophisticated reader, may be opaque to someone whose formal education ended after sixth grade." *McMahon v. LVNV Funding, LLC*, 744 F.3d 1010, 1020 (7th Cir. 2014), citing *Johnson v. Revenue Mgmt. Corp.*, 169 F.3d 1057, 1060 (7th Cir.1999). Here, more than 15 federal judges have actually concluded that statements identical or similar to the one at issue are confusing and misleading. That demonstrates that the statement is actionable, even if this Court understands it.

This Court's previous opinion acknowledged that "Whether an unsophisticated consumer could be confused by a communication relating to an effort to collect a debt is generally a question of fact for a jury," but concluded that this case fell within the category of cases where "it is apparent from a reading of the [statement] that not even a significant fraction of the population would be misled by it." (Dkt., #66, pp. 7-8), quoting *Zemeckis v. Global Credit & Collection Corp.*, 679 F.3d 632, 636 (7th Cir. 2012). The Court thought *Carbonell* inapposite because "Paragraph 12's admonition to take action within 30 days is consistent with the instructions set forth in the summonses, which inform the plaintiffs (the defendants in the collection actions) that responses to the complaints are not due for 30 days (or more, in the case of Russell). This is not a case like *Carbonell v. Weinstein Pinson & Riley, P.S.*, No. 14–20273–WPD, 2014 WL 2581043 (S.D.Fla. May 30, 2014), where confusion was possible because the summons provided less time to respond than did the paragraph of the complaint paraphrasing § 1692g(a)(3) and advising the

debtor that she had a longer period in which to "dispute" the debt. Id. at *4. That sort of discrepancy could cause mischief, but here, there was no such risk."

In fact, the summonses in 13 M1 162601 and 13 M1 162599 did require filing an appearance prior to the date calculated pursuant to ¶12 to "dispute" the debt.

Furthermore, the Seventh and Second Circuits have rejected the notion that a statement like that in ¶12 is harmless if the summons provides *more* time to take action than the "dispute" period. This was most recently addressed in *Hart v. FCI Lender Services*, No. 14-191-CV, 2015 WL 4745349, *7 (2d Cir., Aug. 12, 2015), where the court held that such a statement was misleading because a consumer who failed to "dispute" the debt "might believe that she has forfeited her right to challenge the accuracy of FCI's debt assessment. . . . By misleading the consumer into believing she had forfeited her right to dispute the validity of her putative debt with the lender, FCI would have frustrated a major objective of the FDCPA."

*Thomas v. Simpson & Cybak*, 392 F.3d 914, 919-20 (7th Cir. 2004); *Goldman v. Cohen*, 445 F.3d 152, 156-157 (2nd Cir. 2006); and *Ellis v. Solomon and Solomon, P.C.*, 591 F.3d 130, 135-137 (2nd Cir. 2010), did not qualify their conclusions as to what is necessary to dispel confusion to cases where the summons requires action in a shorter period. Rather, "In cases where debt collectors send debtors a validation notice either along with a summons and complaint or shortly thereafter, we recognize the risk that some debtors will become confused. To avoid such confusion, it is imperative that a debt collector (1) 'make clear that the advice contained in the § 1692g validation notice in no way alters the debtor's rights or obligations with respect to the lawsuit' and (2) 'emphasiz[e] that courts set different deadlines for filings." *Goldman*, 445 F.3d at 157, quoting *Thomas*, 392 F.3d at 919, and followed in *Ellis*, 591 F.3d at 136.

Similarly, the court in *McWilliams v. Advanced Recovery Systems, Inc., supra,* 3:15cv70-CWR-LRA, 2015 WL 3554595, *5-6 (S.D.Miss., June 5, 2015), found the two directives confusing even though they had the same expiration date:

Assuming debtors can provide an additional notice period, though, even "gratuitously provided" notices may not be deceptive. *Freire v. Aldridge Connors, LLP*, 994 F.Supp.2d 1284, 1289 (S.D.Fla.2014). And in this case, Young Wells Williams' decision to place a 30–day validation period in the summons may run afoul of the summons' own 30–day period (under Mississippi law) for McWilliams to respond to the complaint. Although the deadlines are the same, an unsophisticated consumer may not understand that their decision to dispute the validity of the debt by contacting the debt collector would not relieve them of the independent 30–day deadline to respond to the complaint. See *Carbonell v. Weinstein Pinson & Riley, P.S.*, No. 14–CV–20273–WPD, 2014 WL 2581043, at \*4 (S.D.Fla. May 30, 2014) ("What documents must be sent to what place and by what deadline must be complied with to avoid forfeiting legal rights is certainly material."). . . .

The same conclusion applies to the dispute over which actor would have presumed the uncontested debt to be valid. The summons does not say whether Young Wells Williams or the court would presume the uncontested debt to be valid. Given the layout of the summons, an unsophisticated consumer could think that the court would presume the debt to be valid. Others have found similar language to be deceptive. See *Carbonell*, 2014 WL 2581043, at \*4 ("This significant misstatement of the law, particularly where it is included in the state court complaint, would likely lead the least sophisticated consumer to believe that it is the state court who will assume the debt to be valid.").

This Court however concluded that even without such "imperative" disclosure, the unsophisticated consumer would understand that there is a difference between "disputing the debt" and "responding to the lawsuit." (Dkt. #66, pp. 9-10) "Because an unsophisticated consumer would understand the difference between clear instructions on the front page of a state-court summons, stating in bold capital letters the consequences of not responding to the summons, and a paragraph within the attached complaint that notifies the consumer of the right to dispute the debt with the 'undersigned law firm' collecting it, Paragraph 12 is not false, deceptive, or misleading as a matter of law." (Dkt. #66, p. 10)

The Court's conclusion is directly contrary to the holdings of the Seventh and Second Circuits, which concluded that "To avoid such confusion, it is ***imperative*** that a debt collector (1) 'make clear that the advice contained in the § 1692g validation notice in no way alters the debtor's rights or obligations with respect to the lawsuit' and (2) 'emphasiz[e] that courts set different deadlines for filings.'" *Goldman v. Cohen*, 445 F.3d 152, 156-157 (2nd Cir. 2006), following *Thomas v. Simpson & Cybak*, 392 F.3d 914, 919-20 (7th Cir. 2004) (emphasis added). The difference between disputing a debt and defending a lawsuit is the sort of distinction

7

that may be apparent to a lawyer, but not to the unsophisticated consumer.

Defendants claim that since they sent a §1692g notice prior to the filing of the lawsuits, conflicts between the instructions in ¶12 and the instructions in the summons would not deprive the consumer of § 1692g rights. (NCO Mem., pp. 11-12) However, the concerns expressed by the Second and Seventh Circuits were not limited to a deprivation of § 1692g rights, but extended to confusion regarding responding to a collection lawsuit. "[T]he unsophisticated consumer is to be protected against confusion whatever form it takes." *Bartlett v. Heibl*, 128 F.3d 497, 500 (7th Cir. 1997). The consumer in *McWilliams v. Advanced Recovery Systems, Inc., supra,* 3:15cv70-CWR-LRA, 2015 WL 3554595 (S.D.Miss., June 5, 2015), had also been sent a § 1692g validation notice before receiving a complaint and summons with a similar notice; the court found the "second" notice to create actionable confusion.

Indeed, the claimed existence of a prior §1692g validation notice means that the instructions in ¶12 are entirely gratuitous and serve no purpose other than to create confusion regarding the proper response to the summons and complaint. Defendant NCO, an organization with a long history of deceiving consumers, has never explained why defendants included language of a sort that courts have previously found to confuse the consumer, *Muha v. Encore Receivable Management, Inc.*, 558 F.3d 623, 630 (7th Cir. 2009). There was simply no valid reason for defendants to make any such statement.

## III.    CONCLUSION

The Second Amended Complaint states a claim on which relief may be granted.

Respectfully submitted,

s/Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner

8

Tiffany N. Hardy
EDELMAN, COMBS, LATTURNER
          & GOODWIN, L.L.C.
20 S. Clark Street, Suite 1500
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

## CERTIFICATE OF SERVICE

I, Daniel A. Edelman, hereby certify that on Sept. 16, 2015, a true and accurate copy of the foregoing document was filed via the Court's CM/ECF system, which sent notification of such filing to the following parties via electronic mail:

James O. Latturner, jlatturner@edcombs.com

Tiffany Nicole Hardy, thardy@edcombs.com,

Justin M Penn, jpenn@hinshawlaw.com

Cathleen M. Combs. ccombs@edcombs.com

Michael D. Slodov, mslodov@sessions-law.biz

James Kevin Schultz, jschultz@sessions-law.biz

Shannon M Geier, sgeier@sessions-law.biz

David M Schultz, dschultz@hinshawlaw.com


                                                    s/Daniel A. Edelman
                                                    Daniel A. Edelman