## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| ERICK MARQUEZ et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Judge John J. Tharp Jr. |
| | ) | |
| WEINSTEIN, PINSON & RILEY, | ) | Case No.: 14-cv-00739 |
| P.S. et al., | ) | |
| | ) | Magistrate Judge Mason |
| Defendants. | ) | |
| | ) | |

### DECLARATION OF MARK PHARISS

I, Mark Phariss, do hereby declare, and state as follows:

1.      I am an attorney licensed to practice law in the state of Texas. I am currently an assistant general counsel for Alorica, Inc., the ultimate parent company of EGS Financial Care, Inc.

2.      During the period between March 2013 and June 2016, I was an assistant general counsel for Expert Global Solutions, Inc. ("EGS"), a parent company of EGS Financial Care, Inc. f/k/a NCO Financial Systems, Inc. ("NCO").

3.      I make this declaration in support of EGS' Motion for Substitution.

4.      In my capacity as an assistant general counsel for EGS, I was responsible, along with other attorneys at EGS, for the legal affairs of NCO and other EGS subsidiaries, including Outsourcing Solutions, Inc. (OSI) and Transworld Systems Inc. (TSI), and am familiar with the organizational structure of EGS during all times material hereto.

5.      I have personal knowledge under which EGS' records described herein were created and I am familiar with EGS' record keeping systems with respect to the records described herein. I have

firsthand knowledge of such EGS' recordkeeping systems; am familiar with the manner in which the records described herein were kept; and am one of EGS' custodians of record for the records described herein.

6.    The matters set forth herein are matters of which I have personal knowledge, and if called as a witness herein, would testify as follows.

7.    The records described herein were kept in the course of EGS' regularly conducted business activities, and as part of the regular business practice of EGS to make such records; all of which were made at or near the time of the occurrence of the matters set forth by, or from information transmitted by, a person with knowledge of those matters.

8.    Attached hereto as Exhibit 1, and incorporated herein by reference, is a true, authentic and accurate copy of a Restructuring Agreement by and between NCO, OSI and TSI dated October 31, 2013.

9.    Summarizing, Exhibit 1 effectively transferred all of the customer contracts of the Attorney Network Services business segment and the intellectual property related to its processes from NCO to TSI, TSI assumed all liabilities arising from or relating to the operation of such transferred assets of the Attorney Network, and TSI agreed to indemnify, defend and hold NCO harmless against all assumed liabilities.

10.    As provided in Exhibit 1, paragraph 3(a), on October 31, 2013, NCO sold such assets to OSI, including NCO's contracts relating to the Attorney Network Services business segment, as provided in Schedule I, paragraph 3 (NCO 0461), who immediately transferred such assets to TSI on November 1, 2013, as provided in paragraph 4.

11.    As provided in Exhibit 1, paragraph 3(b), on October 31, 2013, OSI assumed and became responsible for all liabilities of NCO arising from or relating to such assets of the Attorney Network

Services business segment, and TSI immediately assumed all liabilities associated with the Attorney Network services business segment assets on November 1, 2013, as provided in paragraph 4.

12.     As provided in Exhibit 1, TSI further agreed to indemnify, defend and save and hold NCO harmless against all claims associated with the Attorney Network business, as provided in paragraph 5.

13.     Attached hereto as Exhibit 2, and incorporated herein by reference, is a true, authentic and accurate copy of the October 30, 2014 Restructuring Agreement by and between in pertinent part, NCO, TSI and EGS.

14.     Summarizing, Exhibit 2 effectively transferred any remaining interest EGS had in the Attorney Network Services business segment to TSI, TSI assumed all liabilities arising from or relating to the operation of the Attorney Network, and TSI agreed to indemnify, defend and hold EGS harmless against all assumed liabilities.

15.     As provided in Exhibit 2, paragraph 3(a), on October 30, 2014, NCO sold its remaining interests in certain assets to OSI, including NCO's contracts relating to the Attorney Network Services business segment, as provided in Schedule I-A, paragraph 2 (NCO 0624), who immediately transferred such assets to TSI, as provided in paragraph 4.

16.     As provided in Exhibit 2, paragraph 3(b), on October 30, 2014, OSI assumed and became responsible for all remaining liabilities of NCO arising from or relating to the Attorney Network Services business segment, and TSI immediately assumed all liabilities associated with the Attorney Network services business segment, as provided in paragraph 4.

17.     As provided in Exhibit 2, TSI further agreed to indemnify, defend and save and hold NCO harmless against all claims associated with the Attorney Network business, as provided in paragraph 5(b).

18.     Attached hereto as Exhibit 3, and incorporated herein by reference, is a true, authentic and accurate copy of the EGS Stock Purchase Agreement by and between OSI, EGS and Aston Acquisition Corporation (Aston), dated June 19, 2014.

19.     Summarizing, Exhibit 3 effectively conveyed all outstanding shares of TSI stock held by EGS and its affiliates to Aston as of the closing date, October 31, 2014.

20.     Attached hereto as Exhibit 4, and incorporated herein by reference, is a true, authentic and accurate copy of a Stock Power, dated October 31, 2014.

21.     Summarizing, Exhibit 4 effectively reflected the conveyance of all outstanding shares of TSI stock held by EGS and its affiliates to Aston as of the closing date, October 31, 2014.

22.     Based on the foregoing, in the event any liability arises in this action which arises from or relates to the Attorney Network Services business segment, TSI has assumed all liabilities associated with the Attorney Network services business segment, and has agreed to indemnify, defend and save and hold EGS harmless for the same.


I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 15, 2017.

_____

Mark Phariss

4

# EXHIBIT 1

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER

10592760.6

**Execution Version**

# RESTRUCTURING AGREEMENT

## by and among

## NCO FINANCIAL SYSTEMS, INC.,

## OUTSOURCING SOLUTIONS INC.

## and

## TRANSWORLD SYSTEMS INC.

## OCTOBER 31, 2013

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER

10592760.6

# RESTRUCTURING AGREEMENT

This RESTRUCTURING AGREEMENT (this "<u>Agreement</u>"), dated as of October 31, 2013, is made by and among NCO Financial Systems, Inc., a Pennsylvania corporation ("<u>NCO FS</u>"), Outsourcing Solutions Inc., a Delaware corporation ("<u>OSI</u>") and Transworld Systems Inc., a California corporation ("<u>TSI</u>").  Capitalized terms used and not otherwise defined herein have the meanings set forth in <u>Section 1</u> below.



"<u>Assets</u>" means those assets set forth on <u>Schedule I</u> attached hereto.

"<u>Assumed Liabilities</u>" has the meaning set forth in <u>Section 3(b)</u>.



1

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER

10592760.6



"<u>Liabilities</u>" means any and all debts, liabilities, commitments and obligations of any kind, whether fixed, contingent or absolute, matured or unmatured, liquidated or accrued or not accrued, asserted or not asserted, known or unknown, determined, determinable or otherwise.

### 3.    <u>Purchase and Sale of Assets</u>.

(a)    *Purchase and Sale of Assets*.  Effective at the time of the Closing and subject to the terms and conditions set forth in this Agreement, NCO FS hereby sells, assigns, transfers, conveys and delivers to OSI, and OSI hereby purchases, assumes, acquires, and accepts all of the right, title and interest of NCO FS in and to the Assets.  The purchase price (the "<u>Purchase Price</u>") for the Assets shall be ███████ in the form of the intercompany note described in <u>Section 6</u> and (ii) the assumption of the Liabilities described in <u>Section 3(b)</u>.

(b)    *Assumption of Liabilities*.  Effective at the time of the Closing and subject to the terms and conditions set forth in this Agreement, OSI hereby assumes and becomes responsible for all Liabilities of NCO FS arising from or relating to the Assets and shall pay, perform and

2

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER

10592760.6

discharge when due such Liabilities, irrespective of whether such Liabilities arise before, on or after the Closing Date (the "Assumed Liabilities").

4. **Contribution of Assets and Assumption of Liabilities.** Effective as of 12:01 a.m., New York City time, on the day immediately following the Closing Date and subject to the terms and conditions set forth in this Agreement, OSI hereby contributes, assigns, transfers, conveys and delivers to TSI, and TSI hereby assumes, acquires and accepts, all of the right, title and interest of OSI in and to the Assets. In consideration therefor, effective at the time of the consummation of the transactions contemplated by the first sentence of this Section 4, TSI hereby assumes and becomes responsible for the Assumed Liabilities and shall pay, perform and discharge when due such Liabilities.

5. **Assumed Liabilities; Retained Liabilities.** Other than the Assumed Liabilities, NCO FS shall retain responsibility for and indemnify, defend and hold OSI and TSI harmless against all of the other Liabilities of NCO FS, including those claims that OSI or TSI may become responsible for notwithstanding the absence of their respective express assumption (e.g., under theories of successor liability, by statute or common law principles) (collectively, the "Retained Liabilities"). From and after the time of the consummation of the transactions contemplated by Section 4, TSI hereby assumes responsibility for and agrees to indemnify, defend and hold NCO FS harmless against all of the Assumed Liabilities.



3

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER

10592760.6



4

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER

10592760.6



12.   **General Provisions.**

(a)   *Governing Law.* This Agreement shall be governed in all respects by the internal laws of the State of Delaware.

\*   \*   \*   \*   \*

5

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER

**IN WITNESS WHEREOF,** the parties have executed this Agreement as of the date first written above.

NCO FINANCIAL SYSTEMS, INC.

By: _____

Name: Thomas Arnst

Title: EVP & CAO

Address: 507 Prudential Road
Horsham, PA 19044

OUTSOURCING SOLUTIONS INC.

By: _____

Name: Thomas Arnst

Title: EVP & CAO

Address: 507 Prudential Road
Horsham, PA 19044

TRANSWORLD SYSTEMS INC.

By: _____

Name: Thomas Arnst

Title: EVP & CAO

Address: 2235 Mercury Way, Suite 275
Santa Rosa, CA 95407

[SIGNATURE PAGE TO RESTRUCTURING AGREEMENT]

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER

**Schedule I**

3.   The customer contracts of NCO FS relating to the Transworld Systems and the Government, Education and Attorney Network Services business segments.

# EXHIBIT 2

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER

**RESTRUCTURING AGREEMENT**

**by and among**

**NCO FINANCIAL SERVICES, INC.,**

**NCO FINANCIAL SYSTEMS, INC.,**

**NCO FINANCIAL SYSTEMS OF PUERTO RICO, INC.,**

**NCO HOLDINGS, INC.,**

**OUTSOURCING SOLUTIONS INC.,**

**QUALINK, INC.,**

**RMH TELESERVICES ASIA PACIFIC, INC.,**

**SYSTEMS & SERVICES TECHNOLOGIES, INC.,**

**TRANSWORLD SYSTEMS CUSTOMER SERVICES PHILIPPINES LLC,**

**TRANSWORLD SYSTEMS INC.,**

**TRANSWORLD SYSTEMS – CANADA, ULC**

**and**

**UNIVERSITY ACCOUNTING SERVICE LLC**

**OCTOBER 30, 2014**

Marquez v. Weinstein, Pinson & Riley, et al.
NDIL case No. 14-cv-00739
NCO 00621

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER

10743743.25

## RESTRUCTURING AGREEMENT

This RESTRUCTURING AGREEMENT (this "Agreement"), dated as of October 30, 2014, is made by and among NCO Financial Services, Inc., a company organized under the Laws of Canada ("NCO Canada"), NCO Financial Systems, Inc., a Pennsylvania corporation ("NCO FS"), NCO Financial Systems of Puerto Rico, Inc., a Puerto Rico corporation ("NCO Puerto Rico"), NCO Holdings, Inc., a Delaware corporation ("NCO Holdings"), Outsourcing Solutions Inc., a Delaware corporation ("OSI"), Qualink, Inc., a Wisconsin corporation ("Qualink"), RMH Teleservices Asia Pacific, Inc., a Delaware corporation ("RMH"), Systems and Services Technologies, Inc., a Delaware corporation ("SST"), Transworld Systems Customer Services Philippines LLC, a Delaware limited liability company ("TSI Philippines"), Transworld Systems Inc., a California corporation ("TSI"), Transworld Systems – Canada, ULC, a company organized under the Laws of Nova Scotia ("TSI Canada"), and University Accounting Service LLC, a Wisconsin limited liability company ("UAS").



## AGREEMENTS

1.   **Defined Terms.**



1

Marquez v. Weinstein, Pinson & Riley, et al.
NDIL case No. 14-cv-00739

NCO 00622

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER

10743743.25



"Assets" means those assets set forth on Schedule I-A attached hereto.

"Assumed Liabilities" has the meaning set forth in Section 3(b).



"Liabilities" means any and all debts, liabilities, commitments and obligations of any kind (including both threatened and pending actions against a Person), whether fixed, contingent or absolute, matured or unmatured, liquidated or accrued or not accrued, asserted or not asserted, known or unknown, determined, determinable or otherwise.



"OSI Assets" means those assets set forth on Schedule I-B attached hereto, including the Assets.

"OSI Assumed Liabilities" means all Liabilities of OSI, including the Assumed Liabilities, solely to the extent arising from or relating to the OSI Assets, irrespective of whether such Liabilities arise before, on or after the Closing Date.

2

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER

10743743.25



3. **Purchase and Sale of Assets.**

(a) *Purchase and Sale of Assets.* Effective at the time of the Closing and subject to the terms and conditions set forth in this Agreement and the occurrence of the Conditions Satisfaction Date, each Transferring Party (other than OSI) hereby sells, assigns, transfers, conveys and delivers to OSI, and OSI hereby purchases, assumes, acquires, and accepts all of the right, title and interest of such Transferring Party in and to, the Assets. The purchase price (the "Purchase Price") for the Assets shall be (i) an intercompany note (as described in Section 6) issued from OSI to each Transferring Party (other than OSI) in an amount as set forth on Exhibit A and (ii) the assumption of the Liabilities described in Section 3(b).

(b) *Assumption of Liabilities.* Effective at the time of the Closing and subject to the terms and conditions set forth in this Agreement and the occurrence of the Conditions Satisfaction Date, OSI hereby assumes and becomes responsible for all Liabilities of each Transferring Party (other than OSI) solely to the extent arising from or relating to the Assets sold by such Transferring Party hereunder and shall pay, perform and discharge when due such

3

Marquez v. Weinstein, Pinson & Riley, et al.
NDIL case No. 14-cv-00739
NCO 00624

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER

10743743.25

Liabilities, irrespective of whether such Liabilities arise before, on or after the Closing Date (the "Assumed Liabilities").

4. **Contribution of Assets and Assumption of Liabilities.** Immediately following the Closing and subject to the terms and conditions set forth in this Agreement, OSI hereby contributes, assigns, transfers, conveys and delivers to TSI, and TSI hereby assumes, acquires and accepts, all of the right, title and interest of OSI in and to, the Transferred Assets. In consideration therefor, effective at the time of the consummation of the transactions contemplated by the first sentence of this Section 4, TSI hereby assumes and becomes responsible for the OSI Assumed Liabilities and shall pay, perform and discharge when due such Liabilities.

5. **Retained Assets and Liabilities.**

(a) *Retained Assets.* Notwithstanding anything to the contrary herein, in no event shall the transactions contemplated by this Agreement be deemed to transfer or contribute from or to any Person any assets of the Transferring Parties, including those assets listed on Schedule II attached hereto, other than the Transferred Assets.

(b) *Retained Liabilities.* Other than the Assumed Liabilities and the OSI Assumed Liabilities, each Transferring Party shall retain responsibility for and indemnify, defend and hold OSI and TSI (as applicable) harmless against all of the other Liabilities of such Transferring Party, including those claims that OSI or TSI (as applicable) may become responsible for notwithstanding the absence of their respective express assumption (e.g., under theories of successor liability, by statute or common law principles) (collectively, the "Retained Liabilities"). From and after the time of the consummation of the transactions contemplated by Section 4, TSI hereby assumes responsibility for and agrees to indemnify, defend and hold each Transferring Party harmless against all of the OSI Assumed Liabilities.



4

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER

10743743.25



5

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER

10743743.25



14.     **General Provisions**.

    (a)     *Governing Law*.  This Agreement shall be governed in all respects by the internal Laws of the State of New York.

6

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER

10743743.25



01/27/2017          Marquez v. Weinstein, Pinson & Riley, et al.          NCO 00628
                    NDIL case No. 14-cv-00739

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER

**IN WITNESS WHEREOF**, the parties have executed this Agreement as of the date first written above.

**NCO FINANCIAL SYSTEMS, INC.**

By: _____
Name: Tom Arnst
Title: EVP
Address: 5085 W. Park Blvd. #300
Plano, TX 75093

**NCO FINANCIAL SERVICES, INC.**

By: T. Erhardt
Name: Thomas Erhardt
Title: EVP
Address: 5085 W. Park Blvd #300
Plano, TX 75093

**NCO HOLDINGS, INC.**

By: _____
Name:
Title:
Address:

**NCO FINANCIAL SYSTEMS OF PUERTO RICO, INC.**

By: _____
Name: Tom Arnst
Title: EVP
Address: 5085 W. Park Blvd. #300
Plano, TX 75093

**TRANSWORLD SYSTEMS CUSTOMER SERVICES PHILIPPINES LLC**

By: _____
Name: Tom Arnst
Title: EVP
Address: 5085 W. Park Blvd. 300
Plano, TX 75093

**OUTSOURCING SOLUTIONS INC.**

By: _____
Name: Tom Arnst
Title: EVP
Address: 5085 W. Park Blvd #300
Plano, TX 75093

**RMH TELESERVICES ASIA PACIFIC, INC.**

By: _____
Name: Tom Arnst
Title: EVP
Address: 5085 W. Park Blvd 300
Plano, TX 75093

**QUALINK, INC.**

By: _____
Name: Tom Arnst
Title: EVP
Address: 5085 W. Park Blvd 300
Plano, TX 75093

[SIGNATURE PAGE TO RESTRUCTURING AGREEMENT]

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER

**IN WITNESS WHEREOF,** the parties have executed this Agreement as of the date first written above.

**NCO FINANCIAL SYSTEMS, INC.**          **NCO FINANCIAL SERVICES, INC.**

By:_____          By:_____
Name:                                  Name:
Title:                                 Title:
Address:                               Address:

**NCO HOLDINGS, INC.**                   **NCO FINANCIAL SYSTEMS OF
                                        PUERTO RICO, INC.**

By: _Thomas J. McNamara_
Name: Thomas J McNamara                 By:_____
Title: President & Treasurer            Name:
Address:                                Title:
                                        Address:

**TRANSWORLD SYSTEMS CUSTOMER**          **OUTSOURCING SOLUTIONS INC.**
**SERVICES PHILIPPINES LLC**

By:_____          By:_____
Name:                                  Name:
Title:                                 Title:
Address:                               Address:

**RMH TELESERVICES ASIA**
**PACIFIC, INC.**                        **QUALINK, INC.**

By:_____          By:_____
Name:                                  Name:
Title:                                 Title:
Address:                               Address:

[SIGNATURE PAGE TO RESTRUCTURING AGREEMENT]

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER

**TRANSWORLD SYSTEMS INC.**

By: _____
Name: Tom Arnst
Title: EVP
Address: 5085 W. Park Blvd 300
Plano, TX 75093

**SYSTEMS & SERVICES TECHNOLOGIES, INC.**

By: _____
Name: Tom Arnst
Title: EVP
Address: 5085 W. Park Blvd 300
Plano, TX 75093

**UNIVERSITY ACCOUNTING SERVICE LLC**

By: _____
Name: Tom Arnst
Title: EVP
Address: 5085 W. Park Blvd. 300
Plano, TX 75093

**TRANSWORLD SYSTEMS – CANADA, ULC**

By: _____
Name: Tom Arnst
Title: EVP
Address: 5085 W. Park Blvd 300
Plano, TX 75093

[SIGNATURE PAGE TO RESTRUCTURING AGREEMENT]

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER

**SCHEDULE I**

**TRANSFERRED ASSETS**

**SCHEDULE I-A ASSETS**

All rights to the following assets to the extent owned by EGS, any Transferring Party or any of their respective Subsidiaries (other than OSI) (collectively, the "EGS Group"):



2.  All customer contracts relating to the Government, Education and Attorney Network Services business segment or otherwise included in the Financial Statements, including Contracts listed on Schedule 3.09(a)(viii) of the Disclosure Schedules.

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER



CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER

## SCHEDULE I-B OSI ASSETS

1. All customer contracts of OSI relating to the Government, Education and Attorney Network Services business segment or otherwise included in the Financial Statements, including Contracts listed on Schedule 3.09(a)(viii) of the Disclosure Schedules.



CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER

**SCHEDULE II**





CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER

**SCHEDULE III**

# EXHIBIT 3

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER

**EXECUTION VERSION**

**STOCK PURCHASE AGREEMENT**

**by and among**

**OUTSOURCING SOLUTIONS INC.,**

**EXPERT GLOBAL SOLUTIONS, INC.,**

**ASTON ACQUISITION CORPORATION**

**and, solely with respect to <u>Sections 1.07(a)</u> through <u>(e)</u>, <u>(g)</u>, <u>(i)</u> and <u>(j)</u>,**

**ASTON ACQUISITION HOLDING CORPORATION**

**June 19, 2014**

# REMAINING 121 PAGES OF EXHIBIT 3 FILED UNDER SEAL

# EXHIBIT 4

FILED UNDER SEAL