**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ERICK MARQUEZ, *et al.*, on behalf of plaintiffs and a class, | ) ) ) ) ) ) ) ) ) ) ) ) |
| Plaintiffs, | Judge John J. Tharp Jr. |
| vs. | Case No.: 1:14-cv-00739 |
| WEINSTEIN, PINSON & RILEY, P.S., *et al.*, | Magistrate Judge Jeffrey Cummings |
| Defendants. | |

**UNOPPOSED MOTION FOR VACATUR OF ORDER DATED APRIL 24, 2019
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 60(B)**

NOW COMES EGS Financial Care, Inc. f/k/a NCO Financial Systems Inc. ("NCO"), through counsel, and moves for vacatur of this Court's Order dated April 24, 2019 pursuant to Federal Rule of Civil Procedure 60(b), and states:

**I.   Introduction**

Difficult cases sometimes require creative settlement solutions. This case, pending for more than 5 years, presents such a circumstance. Here, the parties have reached an agreement to settle the case on a class wide basis and anticipate jointly moving for preliminary approval in the near future.

For now though, defendant Expert Global Solutions (formerly NCO Financial Systems, Inc. and now Transworld Systems Inc.) brings this <u>unopposed</u> motion requesting that the Court vacate its April 24, 2019 Summary Judgment Order. To be clear, the proposed class settlement that has been reached in this case is ***not*** conditioned upon this

unopposed motion being granted. Instead, with all parties recognizing the challenges that TSI now faces with the April 24, 2019 Order arising out of TSI's role as a servicer for the many thousands of lawsuits filed by the approximate 150 law firms on behalf of the National Collegiate Student Loan Trusts (NCSLT) across the country, class counsel has agreed not to oppose TSI's current request.

EGS (now TSI) is not challenging the Court's application of *Janetos* here. Instead, TSI is only looking to resolve this case in such a manner that TSI can continue its servicing role with attorneys bringing lawsuits when appropriate on NCSLT accounts.

**II.     Background**

On February 3, 2014, plaintiffs filed a lawsuit contending that collection complaints filed in state court violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*.

On April 24, 2019, this Court entered an order (the "Order") granting plaintiffs' motion for summary judgment as to the liability of Weinstein, Pinson & Riley, P.S. ("WPR") and NCO, and denying NCO's motion for summary judgment. The Court rejected NCO's arguments that it was not acting as a "debt collector" as defined by the FDCPA with WPR's drafting of the collection complaints, and that NCO was vicariously liable for any FDCPA violation committed by WPR. Dkt. 222, p. 19. This Court expressly noted in the Order that two issues had not been resolved: (a) whether summary judgment should be entered as to WPR attorney, defendant Evan Moscov; and (b) which defendants' net worth should be taken into account for the purpose of determining class damages. *Id.,* fn. 9 and fn. 10.

On May 15, 2019, this Court referred the case to Magistrate Judge Cummings for a settlement conference. Over the course of two separate conferences, and with the critical assistance of Judge Cummings, the parties reached a settlement on a class-wide basis to resolve plaintiffs' claims in full, all subject to the Court's preliminary and final approval.

An important consideration in NCO's decision to contribute towards the settlement, and the amount of NCO's contribution, was plaintiffs' agreement to not oppose this Motion for Vacatur of this Court's Summary Judgment Order. The settlement agreement is <u>not</u> conditioned upon the vacating of the Order and NCO will contribute as agreed once the settlement receives final approval from the Court. However, the settlement would not have been reached without NCO's significant participation and willingness to meaningfully contribute towards the settlement. And a critical factor in NCO's willingness to so participate and contribute was seeking, with no objection from any other party, the withdrawal of the Court's Summary Judgment Order.

### III. This Court Should Vacate The Summary Judgment Order

When evaluating whether to vacate a judgment under Rule 60(b), a court must use equitable discretion balancing the interests of both the parties and the public. *See Stryker Spine, a Div. of Howmedica Osteonics Corp. v. Spine Grp. of Wisconsin, LLC*, 320 F. Supp. 3d 985, 988 (E.D. Wis. 2018) ("In considering requests to vacate…district courts have been 'guided by the array of equitable factors of justice and hardship traditionally balanced…in considering requests for Rule 60(b) relief,' such as "the public interests in precedent,

preclusion, and judicial economy and the circumstances, hardships, and interests of private parties.").[1]

### A. The Public Interests Weigh in Favor of Allowing Vacatur of the Order

As courts within the Seventh Circuit have noted, "in circumstances where vacatur does not diminish the effect of judicial precedent or does not unduly impinge on judicial resources," vacatur is appropriate. *Mayes v. City of Hammond, Ind.*, 631 F.Supp.2d 1082, 1088 (N.D. Ind. 2008) (collecting cases). The public interests to be considered include the precedential value of the Order, the application of preclusion or *res judicata* and conservation of judicial resources. *Obrycka v. City of Chicago*, 913 F. Supp. 2d 598, 601 (N.D. Ill. 2012). As of December 31, 2019, NCO's counsel's research has revealed only one decision where this Court's April 24, 2019 Order was cited, and this reference was related to the *Janetos* decision. *See Bielawski v. Midland Funding LLC*, Case No.: 18 C 2513, 2019 WL 4278042 (N.D. Ill. Sept. 10, 2019) ("Accordingly, Midland may be held vicariously liable for MCM's actions only if (1) it is a 'debt collector' under 15 U.S.C. § 1692a(6) and (2) it 'enlist[ed] MCM to collect debts on its ... behalf.' *Janetos*, 825 F.3d at 325; *see Marquez v. Weinstein, Pinson & Riley, P.S.*, No. 14 CV 739, 2019 WL 1787547, at *7 (N.D. Ill. Apr. 24, 2019).").

---

[1] A district court is not "cabined by the exceptional circumstances test" when assessing vacatur as contemplated in *U.S. Bancorp Mtg. Co. v. Bonner Mall P'ship*, 513 U.S. 18 (1994). *Marseilles Hydro Power, LLC v. Marseilles Land & Water Co.,* 481 F.3d 1002, 1003 (7th Cir. 2007); *see also Lundsten v. Creative Cmty. Living Servs., Inc.*, No. 13-C-108, 2016 WL 111431, at *1 (E.D. Wis. Jan. 11, 2016) ("Unlike the appeals court, this Court's discretion is not cabined by the 'exceptional circumstances' test set forth in *Bonner Mall*."). "Given the fact-intensive nature of the inquiry required, it seems appropriate that a district court should enjoy greater equitable discretion when reviewing its own judgments than do appellate courts operating at a distance." *Lundsten*, 2016 WL 111431, at *1.

First, while NCO appreciates the time spent by this Court in drafting and issuing its Order, the Order has limited precedential value because (a) the Seventh Circuit effectively resolved the issue of liability as to WPR in its decision reversing and remanding the case; and (b) to the extent that this Court confirmed that NCO was a "debt collector" and vicariously liable for the violation of WPR, that result was compelled by the Seventh Circuit's analysis in *Janetos v. Fulton Friedman & Gullace, LLP*, 825 F.3d 317 (7th Cir. 2016).[2] As such, respectfully, there is limited (if any) precedential value to the Order that is not already articulated by the Seventh Circuit in *Marquez* and *Janetos*.

Second, the public interest in application of the preclusion doctrine would not be adversely affected by vacatur. Here, neither the doctrine of res judicata nor collateral estoppel are applicable given that the Order is not a final judgment. For *res judicata* or collateral estoppel to apply, there must be a final judgment. *See Adams v. City of Indianapolis*, 742 F.3d 720, 736 (7th Cir. 2014)) (noting elements of *res judicata* and collateral estoppel). Here, this Court expressly noted in its Order that there were two issues that remained outstanding and, as such, the Order was not a final order. *See Doc. 222, fn. 9 and fn. 10*. And even if the Order was final, the contemplated settlement resolves all issues between the parties, the class members, and their counsel, so the preclusive effect would be of no consequence. *See Lundsten*, 2016 WL 111431, at *1 ("[T]he impact on res judicata…is unimportant where the proposed settlement resolves all issues between the parties").

---

[2] *See Order, Doc. 222, p. 18* ("The bottom line is that *Janetos* controls the outcome of this case.")

Courts have consistently recognized that settlements conserve judicial resources by obviating the need for appellate proceedings or district court litigation, and that the public interest is served in preserving judicial resources. *See, e.g., Lundsten,* 2016 WL 111431, at *1 ("The Court expended a substantial amount of resources in bringing this case to judgment….However, the settlement in this case would conserve judicial resources by obviating the need for further appellate proceedings."); *see also Stryker*, 320 F. Supp. 3d at 988 ("To deny the vacatur and to expend further court resources in deciding the pending motion for new trial solely because the court already has expended a good deal of effort would be the equivalent of throwing good money after bad, both for the court and for the parties.").

Here, this case has been pending for five years and has already resulted in one appeal. And notwithstanding this Court's Summary Judgment Order, but for the settlement, this case was not done. There was at least one complicated and largely novel legal issue on the damages question and the applicable net worth left to be resolved. And with history of this case as a guide, an appeal after any damages trial was likely.

**IV.    The Private Interests Weigh in Favor of Allowing Vacatur of the Order**

In addition to the public interest factors discussed above providing a proper basis to vacate the Order, there are two additional reasons under the private interest analysis supporting this Motion: (1) it puts an end to this case, which has been pending for five years and allows the parties, and the Court, to focus on other matters more productive for their business pursuits, and (2) the Order, despite the fact that it largely follows the Seventh Circuit's decisions in *Marquez* and *Janetos*, could be wrongly interpreted to require TSI to

6

engage in the practice of law and act as an attorney overseeing the litigation activities of any attorneys it retains on behalf of NCSLT. It is not in the interest of either the parties here, or the public, to have collection agencies acting as servicers engage in the practice of law, and that legal drafting, and legal judgment, are best exercised and controlled by lawyers.

While NCO is no longer engaged in third party debt collection, TSI is cognizant of its obligations as contemplated in *Janetos*. However, the Court's Order could be interpreted as requiring a heightened level of supervision and control over law firms that could result in a dilemma where a debt collector, or for TSI acting as a servicer to comply with the FDCPA, must engage in the unauthorized practice of law. TSI believes such a choice presents an untenable position never contemplated by the Court.

For the reasons stated herein, this Motion meets the Rule 60(b) equitable standards to vacate the Order to the extent that the public and private interests at stake weigh heavily in favor of vacating the ruling.

WHEREFORE, EGS Financial Care, Inc. f/k/a NCO Financial Systems Inc. respectfully requests that this Court vacate its order dated April 24, 2019 conditioned upon entry of the final approval order in this matter.

Respectfully Submitted,

*/s/ James K. Schultz*
James K. Schultz
**SESSIONS, FISHMAN, NATHAN & ISRAEL**
1545 Hotel Circle South, Suite 150
San Diego, California 92108
Telephone: (619) 296-2018
Facsimile: (619) 296-2013

>Email: jschultz@sessions.legal
>
>David Israel
>**SESSIONS, FISHMAN, NATHAN & ISRAEL**
>Lakeway Two, Suite 200
>3850 North Causeway Boulevard
>Metairie, LA 70002-7227
>Telephone: (504) 828-3700
>Email: disrael@sessions.legal
>
>Morgan I. Marcus
>**SESSIONS, FISHMAN, NATHAN & ISRAEL**
>141 W. Jackson Blvd., Ste. 3550
>Chicago, Illinois 60604
>Telephone: (312) 578-0990
>E-mails: mmarcus@sessions.legal
>
>*Counsel for Defendant,*
>*EGS Financial Care, Inc.*
>*f/k/a NCO Financial Systems, Inc.*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on January 17, 2019 I electronically filed the foregoing with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system.

*s/ James K. Schultz*